United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60465
Summary Calendar

HUSAIN RAFIK KURJI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 567 258
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

     Husain Rafik Kurji, a native and citizen of India, petitions
for review of (1) an order from the Board of Immigration Appeals
(BIA) summarily affirming the immigration judge's (IJ) decision
to deny his application for withholding of removal under the
Immigration and Nationality Act (INA), withholding of removal
under the Convention Against Torture (CAT), and voluntary
departure and (2) an order from the BIA denying his motion to

reconsider.  The IJ determined that Kurji's testimony was not

--------------------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credible.

Kurji argues that the IJ's adverse credibility finding was not supported by substantial evidence. He contends that the IJ pointed out only one minor inconsistency between his application and his testimony concerning the location of his cousins' rapes and their father's murder and that he gave a reasonable explanation of the inconsistency at the hearing. However, the IJ provided many cogent reasons for finding that Kurji was not credible, and those reasons were amply supported by the record. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). As Kurji concedes, his testimony and application were inconsistent concerning the location of his cousins' rapes and their father's murder — the application states that the incidents occurred during a riot in Bombay and Kurji testified that they occurred during a riot in Surat. Kurji's vague explanation that there were riots in both Bombay and Surat does not account for the discrepancy. Furthermore, Kurji's assertion that this was the only inconsistency noted by the IJ is incorrect. The IJ also correctly determined that the information given by Kurji concerning how many times he was arrested by police, the dates and locations of those arrests, and whether he was tortured by police during those arrests was inconsistent, vague, and confusing. Accordingly, the record does not compel a credibility determination contrary to that of the IJ. See Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002).

Kurji also contends that the IJ did not fully consider his application for withholding of removal under the CAT. He asserts that the IJ should have separated the analysis of his claim under the CAT from the credibility analysis used to consider his requests for asylum and withholding of removal under the INA because "there is a general atmosphere of torture to Islamia Muslims in India" that the IJ should have considered in making its CAT determination. However, because the record does not support Kurji's conclusory assertion that there is a general atmosphere of torture toward Muslims in India, the IJ's adverse determination concerning Kurji's credibility was directly relevant to the issue whether it was more likely than not that Kurji would be tortured upon his return to India. See Efe v. Ashcroft, 293 F.3d 899, 907-08 (5th Cir. 2002).

In a related claim, Kurji argues that his application was not forwarded to the Department of State for an advisory opinion as is required under 8 C.F.R. § 208.11 and that the IJ failed to consider country conditions when denying him relief. However, the record indicates that Kurji's application was in fact forwarded to the Department of State. Furthermore, the record contains several reports of country conditions, and Kurji does not provide any evidence, other than the IJ's failure to mention the reports in his decision, indicating that the IJ did not in fact consider the reports.

Kurji also argues that the BIA's summary affirmance of the IJ's decision violated his due process rights.  As Kurji concedes, this court has upheld the BIA's summary affirmance procedure, determining that it does not violate due process.  <u>See</u> <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 832-33 (5th Cir. 2003).  Accordingly, this claim is without merit.

Kurji's petitions for review of the BIA's orders are DENIED.